IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Wade Snively, | : | |
| Plaintiff, | : | Civil Action 2:06-cv-1016 |
| v. | : | Judge Graham |
| State of Ohio, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

# Report and Recommendation

Plaintiff brings this action against the State of Ohio, Ted Strickland, Robert Taft, George W. Bush, and the United States of America. This matter is before the Court on Defendants State of Ohio, Ted Strickland, and Robert Taft's (hereinafter referred to collectively as "State Defendants") January 10, 2006 motion to dismiss (doc. 10).

**I. Facts**

The complaint appears to assert that the State Defendants had a duty to uphold the laws and Constitution of the United States and of Ohio, and that they failed to live up to this duty. However, the complaint does not--as required by Rule 8(a), Fed. R. Civ. P.--contain a short and plain statement of what each defendant allegedly did to deprive plaintiff Snively of a constitutional right. Mostly, the complaint contains broad, general allegations of wrongdoing by defendants. The only specifics alleged concern Snively's state court case which the complaint alleges forced him into bankruptcy and caused his money to be stolen.

The State Defendants state that Plaintiff has attempted to pursue this same cause

of action in the United States District Court for the Northern District of Ohio, where it was dismissed due to the complaint's failure to state a claim and lack of jurisdiction under the *Rooker-Feldman* doctrine.

## II. Arguments of the Parties

The State Defendants contend that the State of Ohio should be dismissed from this lawsuit because the Court lacks subject matter jurisdiction over this action due to Ohio's Eleventh Amendment Immunity from suit. Next, the State Defendants claim that this Court lacks jurisdiction to hear this matter under the Rooker Feldman doctrine because "Snively is ultimately asking this federal court to review the state court case that was adjudicated against him." Defs.' Mot., p. 5. Defendants also claim that the complaint fails to state a claim against them as it only contains unsubstantiated legal conclusions and unwarranted factual inferences and "fails to state one fact that shows how the State Defendants' actions are in any way related to the adjudication of Snively's state court case. Nor has Snively shown how the Defendants have failed to protect his "rights." Defs.' Mot., p. 9.

Plaintiff answers this motion with a motion to strike the motion to dismiss (doc. 16), in which he alleges that this action does not stem from his chagrin at the prior state court decision. However, this assertion is belied by his constant reference to the state court decision in relation to his claims that the State Defendants are failing to uphold their governmental duties.

## III. Analysis

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal

2

Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the amended complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). However, the court will grant a defendant's motion for dismissal under Rule 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970). Further, although pro se complaints are to be liberally construed, *See Boag v. McDougall*, 454 U.S. 364, 365 (1982) (per curiam), this Court cannot take on the role of an advocate, "seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278.

Plaintiff filed suit in the United States District Court for the Northern District of Ohio raising the same or similar claims to those he now sees to raise here. *Wade Snively v. United States Department of Justice,* 5:05-cv-2740. That court held that the complaint failed to state a claim for relief. Further, it held that even if the complaint did plead a cause of action, the *Rooker-Feldman* doctrine prohibited a federal court from deciding

3

whether a state court ruling was erroneous.

Any claims a litigant could have litigated against a party in a prior lawsuit are barred from being raised in a second lawsuit involving the same party. *Rivers v. Barberton Board of Education,* 143 F.3d 1029, 1032 (6th Cir. 1998); *J.Z.G. Resources, Inc. v. Shelby Insurance Company,* 84 F.3d 211, 214 (6th Cir. 1996); *Osborn v. Ashland County Board of Education,* 979 F.2d 1131, 1133-34 (6th Cir. 1992).

To the extent that some of plaintiff's claims may not be barred by *res judicata*, the complaint fails to state a claim upon which relief can be granted. The complaint does not satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure, that it "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Although the complaint states in many and varied ways that the State Defendants are failing in their duty to protect state and federal constitutional rights and uphold state and federal law, it fails to ever link these overarching statements with specific facts that would give rise to an actionable claim. To state a claim for relief under 42 U.S.C. § 1983, a complaint must allege that the defendant (1) was acting under color of law and (2) deprived plaintiff of a federal right. *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 930 (1982). Here the complaint arguably alleges that the State Defend-ants were acting under color of law, but it does not allege that any defendant acted to deprive plaintiff of a constitutional right.

## IV. Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that the State Defendants' January 10, 2006 motion to dismiss (doc. 10) be GRANTED and that this action be DISMISSED as to these defendants.  Further, the Magistrate Judge RECOMMENDS that Plaintiff's January 26, 2007 motion to strike the motion to dismiss (doc. 16) be DENIED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  See *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge
